ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
RAYMOND T. CHEUNG, SBN 176086 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0936
Fax No. (415) 522-3425
raymond.cheung@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LUSH HANDMADE COSMETICS, LLC,<br>LUSH COSMETICS, LLC<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex, including sexual orientation and gender identity, and to provide appropriate relief to Charging Party Emma Robertson ("Robertson") and similarly aggrieved employees who were adversely affected by such practices.  As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Lush Handmade Cosmetics, LLC and Lush Handmade Cosmetics, Inc. (collectively "Defendants" or "Lush") subjected Robertson to a hostile work environment because of

her sex, including her sexual orientation, and subjected other Lush employees to a hostile work environment because of sex, including sexual orientation and gender identity. Plaintiff also alleges that Lush's failure to take prompt and appropriate remedial measures led to Robertson's and a similarly aggrieved employee's constructive discharge. Plaintiff seeks injunctive relief and monetary relief for Robertson and a class of similarly aggrieved female employees, including pecuniary damages and nonpecuniary compensatory damages, punitive damages, and prejudgment interest.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (f)(3) and 2000e-6 ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of California.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. At all relevant times, Lush Handmade Cosmetics, LLC has been a corporation continuously doing business in the State of California and employing at least fifteen (15) employees.

5. At all relevant times, Lush Handmade Cosmetics, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

6. At all relevant times, Lush Handmade Cosmetics, Inc. has been an Arizona corporation continuously doing business in the State of California and employing at least fifteen (15) employees.

7. At all relevant times, Lush Handmade Cosmetics, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of

Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Emma Cate Robertson filed EEOC Charge No. 556-2022-00342 alleging that Lush violated Title VII.

9. On October 2, 2023, the Commission issued to Lush an administrative determination finding, *inter alia,* reasonable cause to believe Lush violated Title VII and invited Lush to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief for Robertson and a class of similarly aggrieved employees.

10. The Commission engaged in multiple communications with Lush to provide Lush the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Lush a conciliation agreement acceptable to the Commission.

12. On January 23, 2024, the Commission issued to Lush a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

A. **COUNT I - Hostile Work Environment**

14. Since at least September 2020, Lush has engaged in unlawful employment practices because of sex, including sexual orientation and gender identity in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) at its Westfield Valley Fair mall retail store, which is in Santa Clara, California ("Santa Clara store"). Lush's unlawful practices have included subjecting Robertson and a class of similarly aggrieved employees to unwelcome, severe or pervasive conduct because of their sex, their sexual orientation or their gender identity that created a hostile work environment which adversely altered the terms and conditions of their employment.

15. Robertson started working as a Manager-in-Training at Lush's Santa Clara store in or about September 2020.

16. Robertson identifies as a pansexual, non-binary female and uses the pronouns "she/her".

17. Robertson reported to the Santa Clara store manager ("Store Manager"), who was the

highest-level manager at the store. He had the authority to hire, discharge, discipline and assign work to employees at the store.

18. The Store Manager regularly yelled, threw things, slammed doors and openly berated employees, calling them useless or the worst employee on earth, and leaving them in tears.

19. The Store Manager also threatened to retaliate against anyone who tried to complain and warned that he would learn the identities of anyone who complained anonymously.

20. The Store Manager also frequently boasted that Lush would never fire him because he was too valuable to management.

21. The Store Manager's conduct and threats chilled employees from reporting him.

22. Since at least September 2020, the Store Manager has made crude and salacious comments about or to his direct reports, such as telling a female employee, "someone is on their period because I can smell it," and suggesting that a male customer was a female employee's type "because he's big," referring to the customer's penis.

23. Starting in or about October 2020 and continuing through at least July 2021, the Store Manager subjected Robertson to unwanted comments based on her sex (female) and sexual orientation:

    a. The Store Manager referred to Robertson or customers as a "cunt" and "bitch"[1] within earshot of her or other employees as often as weekly.

    b. The Store Manager made comments about Robertson's body, including remarking "your breasts [are] looking big" and "you're putting them out there" after she complained he was staring at her breasts.

    c. The Store Manager also propped his leg up on a desk, then accused Robertson of looking at his "moose knuckle," a nickname he used to referred to his penis.

    d. The Store Manager probed Robertson about her sexual relationship with her partner and told Robertson that he wanted to have sex with her, her partner, or with both of them.

---

[1] In recognition of the extremely offensive nature of these slurs, Plaintiff will mask them as "c*nt" and "b*tch" hereafter.

     e.   The Store Manager told Robertson that she was "not gay enough" because she has a male partner.

24. On or about July 17, 2021, Robertson filed a complaint about the Store Manager on Open Door, Lush's online portal for filing complaints.

25. Robertson also requested a meeting via email to Lush's Regional Manager dated July 17, 2021 to discuss "serious issues."

26. Robertson later sent the Regional Manager a chronology of incidents involving the Store Manager spanning September 2020 through July 2021. The chronology included examples of the Store Manager bullying and abusing Robertson and recorded that on or around July 11, 2021 the Store Manager commented about seeing her bra through the side of her tank top, noting that this was not the first such comment.

27. Robertson did not report other more explicit incidents she endured because the Store Manager told her he had retaliated against an employee who filed a report against him, and she feared he would retaliate against her, as well.

28. An individual worked for Lush from September 2015 through January 2021 as a Sales Associate, and later as a Seasonal Floor Lead (Floor Lead) at the Santa Clara store from May 2021 to August 2021. The Store Manager supervised the Floor Lead in different management capacities throughout the Floor Lead's employment.

29. The Floor Lead identifies as gender fluid and non-binary and uses the pronouns "they/them".

30. The Floor Lead endured unwanted touching and comments from the Store Manager during both periods of their employment. For example:

     a.   The Store Manager touched the Floor Lead's buttocks approximately five times.

     b.   The Store Manager also commented about the Floor Lead's body, including "I could see your ass in that skirt" and "well, at least her tits are proportional" when comparing Robertson's breasts to the Floor Lead's.

     c.   The Store Manager also tried to engage the Floor Lead in unwelcomed discussions about "butt holes" or "assholes" and sex toys.

     d.   The Store Manager "outed" the Floor Lead's gender identity to their coworkers.

  e. And the Store Manager ranked the Floor Lead's gender identity in comparison to others', such as telling the Floor Lead they were one of the more queer folks in the department and more queer than Robertson.

  f. The Floor Lead also heard the Store Manager call customers and Robertson "c*nts" and "b*tches".

31. In or around January 2021, the Floor Lead informed Lush's Retail Compliance Manager and the Regional Manager over the Santa Clara store about the Store Manager's inappropriate comments about employees' gender identities and his "moose knuckle", but nothing happened, so they resigned.

32. The Floor Lead returned to work at the Santa Clara store after being offered a promotion and pay raise.

33. After the Store Manager's objectionable behavior continued, the Floor Lead filed an Open Door complaint dated July 19, 2021. The Floor Lead reported the Store Manager's comments about sex toys, described the Store Manager repeatedly discussing his and others' "a**holes" and also expressed being "stunned" after the Store Manager stretched his leg on a counter while wearing shorts, reached toward his crotch and asked whether anything fell out. The Floor Lead objected to the ease with which the Store Manager discussed sex and sexuality and said they had learned more than was appropriate about the Store Manager's body parts. The Floor Lead closed the complaint by saying they felt they could no longer work under such "unfair conditions."

34. A transgender male former employee also filed an Open Door complaint about the Store Manager on July 19, 2021. He reported that the Store Manager had mentally traumatized him for several years, including sexually harassing him by speaking about the Store Manager's pornography preferences, saying he wanted to have sex with a trans person and flirting in a way that made the employee feel dirty.

35. In an email later that day, the former employee informed Lush that he was terrified that the Store Manager would learn that he had filed the complaint and reported that other employees had faced retaliation after raising concerns about the Store Manager.

36. Lush placed the Store Manager on paid administrative leave on or about July 21, 2021,

pending its response to Robertson's and other employees' sexual harassment complaints.

37. On or about July 21, 2021, while on leave, the Store Manager sent Robertson a text message, referring to a sex act. When Robertson objected, texting, "that was red tier sexual harassment," the Store Manager responded, "girl u just said ur a dom don't get all red tier sexual harassment on me."

38. Lush's management and Human Resources personnel failed to adequately respond to Robertson's, the Floor Lead's and the former employee's complaints about the Store Manager.

39. Lush's Retail Compliance Manager interviewed some Santa Clara store employees, including the Store Manager, but did not interview employees named in Robertson's chronology who had witnessed or experienced harassment.

40. Lush concluded that the Store Manager had not sexually harassed anyone and had not violated any of its policies.

41. Lush has had actual notice of its Store Manager's offensive and unwelcome conduct since at least January 2021, but has failed to take prompt or effective corrective action to stop his harassment.

42. Lush is vicariously liable for its Store Manager's offensive and unwelcome conduct.

**B.  COUNT II - Constructive Discharge**

43. After Lush failed to discipline the Store Manager, Robertson applied to transfer to another Lush store in late July 2021, but was not selected.

44. In or around September 2021, the Store Manager physically isolated and verbally berated Robertson.

45. Robertson started a leave of absence beginning on or around November 17, 2021 and never returned to work for Lush.

46. Robertson resigned via email dated December 23, 2021 and a letter, citing Lush's poor HR system, the "horrible treatment" she endured and the Store Manager as the reasons for her resignation.

47. The Floor Lead resigned their employment in or around August 2021 to avoid further harassment after Lush had not disciplined the Store Manager for his sexually inappropriate behavior.

48. The effect of the unlawful employment practices identified in Paragraphs 12-47, above, has

been to deprive Robertson, the Floor Lead and other similarly aggrieved employees of equal employment opportunities because of their sex, sexual orientation or gender identity.

49. The effect of the unlawful employment practices identified in Paragraphs 12-47, above, were so intolerable that a reasonable person in Robertson's and the Floor Lead's circumstances would have felt compelled to resign their employment.

50. The unlawful employment practices complained of in Paragraphs 12-47, above, were intentional.

51. The unlawful employment practices complained of in Paragraphs 12-47 above, were done with malice or with reckless indifference to the federally protected rights of Robertson, the Floor Lead and other similarly aggrieved employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Lush, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate based on sex, sexual orientation and/or gender identity.

B. Order Lush to institute and carry out policies, practices, and programs which provide equal employment opportunities for all workers and that eradicate the effects of its past and present unlawful employment practices due to sex, sexual orientation and/or gender identity.

C. Order Lush to make Robertson, the Floor Lead and similarly aggrieved employees whole by providing back pay with prejudgment interest and a tax component award, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Lush to make Robertson, the Floor Lead and similarly aggrieved employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 12 47 above, including past and future out-of-pocket expenses, in amounts to be determined at trial.

E. Order Lush to make Robertson, the Floor Lead and similarly aggrieved employees whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful

practices complained of in Paragraphs 12-47, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

    F.   Order Lush to pay Robertson, the Floor Lead and similarly aggrieved employees punitive damages for the malicious and reckless conduct described in Paragraphs 12-47, above, in amounts to be determined at trial.

    G.   Grant such further relief as the Court deems necessary and proper in the public interest.

    H.   Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 30, 2024

| | |
|---|---|
| ROBERTA STEELE<br>Regional Attorney | KARLA GILBRIDE<br>General Counsel |
| MARCIA L. MITCHELL<br>Assistant Regional Trial Attorney | CHRISTOPHER LAGE<br>Deputy General Counsel |
| RAYMOND CHEUNG<br>Senior Trial Attorney | Office of the General Counsel<br>131 M Street, N.E.<br>Washington, D.C. 20507 |
| BY:  /s/ Raymond Cheung | |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>San Francisco District Office<br>450 Golden Gate Ave., 5th Floor West<br>P.O. Box 36025<br>San Francisco, CA 94102<br>Telephone (650) 684-0936<br>raymond.cheung@eeoc.gov | |

*Attorneys for Plaintiff EEOC*
