ERIC S. DREIBAND (*pro hac vice*)
D.C. Bar No. 497285
edreiband@jonesday.com
REBECCA S. BEALE (*pro hac vice*)
D.C. Bar No. 90019702
rbeale@jonesday.com
JONES DAY
51 Louisiana Ave NW
Washington, DC 20001
Telephone: 1.202.879.3780
Fax: 1.202.626.1700

PAUL V. SIMPSON, BAR NO. 83878
psimpson@sgijlaw.com
KENDALL M. BURTON, BAR NO. 228720
kburton@sgijlaw.com
SIMPSON, GARRITY, INNES & JACUZZI
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, California 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Defendant
LUSH HANDMADE COSMETICS, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LUSH HANDMADE COSMETICS, LLC, f/k/a LUSH COSMETICS, LLC<br><br>Defendant. | Case No. 5:24-cv-06859<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant LUSH HANDMADE COSMETICS, LLC ("Defendant"), by and through its attorneys of record, Jones Day and Simpson, Garrity, Innes & Jacuzzi, P.C., hereby submits its Answer and Affirmative Defenses and Other Defenses to the First Amended Complaint filed by Plaintiff, the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("Plaintiff"), and the corresponding numbered paragraphs of the First Amended Complaint. Except as specifically admitted, qualified, or answered below, Defendant denies every allegation in Plaintiff's First Amended Complaint.

## RESPONSE TO ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

### NATURE OF THE ACTION

Defendant admits that this is an action under Title VII of the Civil Rights Act of 1964 (Title VII) and that Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff") seeks monetary and injunctive relief for Charging Party Emma Robertson ("Charging Party") and an unidentified class of employees. Defendant denies the remaining allegations in the "Nature of the Action" Paragraph of the First Amended Complaint. Answering further, Defendant states that it complied with Title VII at all times.

### JURISDICTION AND VENUE

1. In answer to Paragraph 1 of the First Amended Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

2. In answer to Paragraph 2 of the First Amended Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

### PARTIES

3. In answer to Paragraph 3 of the First Amended Complaint, Defendant admits that the Plaintiff is an agency of the United States of America and that Title VII established and defines the Plaintiff's authority with respect to this action. Defendant states that the remaining allegations

in Paragraph 3 set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

4.      In answer to Paragraph 4 of the First Amended Complaint, Defendant admits that it is a Limited Liability Company that currently does business in the State of California and which employs at least fifteen employees.

5.      In answer to Paragraph 5 of the First Amended Complaint, Defendant admits that it is an employer. Defendant states that the remaining allegations in Paragraph 5 set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

6.      In answer to Paragraph 6 of the First Amended Complaint, Defendant Lush Handmade Cosmetics, LLC admits that it is an Arizona LLC doing business in California and that it employs at least fifteen employees.

7.      In answer to Paragraph 7 of the First Amended Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant admits the allegations in this paragraph.

8.      In answer to Paragraph 8 of the First Amended Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant admits the allegations in this paragraph.

9.      In answer to Paragraph 9 of the First Amended Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant admits the allegations in this paragraph.

10.     In answer to Paragraph 10 of the First Amended Complaint Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant admits the allegations in this paragraph.

11.     In answer to Paragraph 11 of the First Amended Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant admits the allegations in this paragraph.

12. In answer to Paragraph 12 of the First Amended Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant admits the allegations in this paragraph.

13. In answer to Paragraph 13 of the First Amended Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant admits the allegations in this paragraph.

**ADMINISTRATIVE PROCEDURES**

14. In answer to Paragraph 14 of the First Amended Complaint, to the extent that the allegations contained in this paragraph seek to paraphrase or characterize the contents of a written document, Defendant states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with that document. Defendant otherwise admits the remaining allegations contained in this paragraph.

15. In answer to Paragraph 15 of the First Amended Complaint, Defendant admits that on October 2, 2023, the Plaintiff issued Defendant a Letter of Determination regarding Charge No. 556-2022-00342. To the extent that allegations contained in this paragraph seek to paraphrase or characterize the contents of a written document, Defendant states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with that document. Defendant otherwise denies the remaining allegations contained in this paragraph.

16. In answer to Paragraph 16 of the First Amended Complaint, Defendant admits that the Plaintiff had multiple communications with Defendant. Defendant otherwise denies the allegations contained in Paragraph 16 of the First Amended Complaint.

17. In answer to Paragraph 17 of the First Amended Complaint, Defendant does not have enough information to form a belief as to whether the allegations are true. Defendant admits that the Plaintiff and the Defendant did not enter into a conciliation agreement.

18. In answer to Paragraph 18 of the First Amended Complaint, Defendant admits that the Plaintiff issued Defendant a Notice of Failure of Conciliation on or about January 23, 2024.

19. In answer to Paragraph 19 of the First Amended Complaint, Defendant denies the allegations contained in this paragraph.

## STATEMENT OF CLAIMS

**Count 1: Hostile Work Environment**

20. In answer to Paragraph 20 of the First Amended Complaint, Defendant denies the allegations contained in this paragraph.

21. In answer to Paragraph 21 of the First Amended Complaint, Defendant admits the allegations in this paragraph.

22. In answer to Paragraph 22 of the First Amended Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

23. In answer to Paragraph 23 of the First Amended Complaint, Defendant admits the allegations in this paragraph.

24. In answer to Paragraph 24 of the First Amended Complaint, Defendant denies the allegations in this paragraph.

25. In answer to Paragraph 25 of the First Amended Complaint, Defendant denies the allegations in this paragraph.

26. In answer to Paragraph 26 of the First Amended Complaint, Defendant denies the allegations in this paragraph.

27. In answer to Paragraph 27 of the First Amended Complaint, Defendant denies the allegations in this paragraph.

28. In answer to Paragraph 28 of the First Amended Complaint, Defendant denies the allegations in this paragraph.

29. In answer to Paragraph 29 of the First Amended Complaint, Defendant denies the allegations in this paragraph.

30. In answer to Paragraph 30 of the First Amended Complaint, Defendant admits that Charging Party complained about her manager to Defendant on or about July 17, 2021.

31. In answer to Paragraph 31 of the First Amended Complaint, Defendant admits that Plaintiff sent an email to a Market Leader/Regional Manager on or about July 17, 2021, requesting a meeting. To the extent that allegations contained in this paragraph seek to paraphrase or characterize the contents of a written document, Defendant states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with that document.

32. In answer to Paragraph 32 of the First Amended Complaint, Defendant admits that Plaintiff submitted a written document to Defendant in conjunction with her complaint about her manager. To the extent that allegations contained in this paragraph seek to paraphrase or characterize the contents of a written document, Defendant states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with that document.

33. In answer to Paragraph 33 of the First Amended Complaint, Defendant denies the allegations. To the extent that Paragraph 33 make allegations about Charging Party's state of mind and thoughts including allegations that Charging Party "feared" that the Store Manager would "retaliate against her," Defendant lacks knowledge and therefore denies those allegations.

34. In answer to Paragraph 34 of the First Amended Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

35. In answer to Paragraph 35 of the First Amended Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

36. In answer to Paragraph 36 of the First Amended Complaint, Defendant responds that the allegations contained therein include purported quotes from an unidentified individual without any indication of whether Plaintiff obtained this information directly or on a hearsay basis. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations contained therein.

37. In answer to Paragraph 37 of the First Amended Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

38. In answer to Paragraph 38 of the First Amended Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

39. In answer to Paragraph 39 of the First Amended Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

40. In answer to Paragraph 40 of the First Amended Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

41. In answer to Paragraph 41 of the First Amended Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

42. In answer to Paragraph 42 of the First Amended Complaint, Defendant admits that it placed the Store Manager of the Santa Clara store on leave on or about July 21, 2021, pending its investigation of Charging Party's complaint. Defendant denies the remaining allegations in this Paragraph.

43. In answer to Paragraph 43 of the First Amended Complaint, Defendant does not have sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations contained therein.

44. In answer to Paragraph 44 of the First Amended Complaint, Defendant denies the allegations contained in this paragraph.

45. In answer to Paragraph 45 of the First Amended Complaint, Defendant admits that it interviewed employees at the Santa Clara store during its investigation of Charging Party's complaint regarding the Store Manager of the Santa Clara store. Defendant denies the remaining allegations contained in this paragraph.

46. In answer to Paragraph 46 of the First Amended Complaint, Defendant admits that it concluded that the Store Manager had not violated its harassment policies following its

investigation of Charging Party's complaint. Defendant denies the remaining allegations of Plaintiff's complaint.

47. In answer to Paragraph 47 of the First Amended Complaint, Defendant denies the allegations contained in this paragraph.

48. In answer to Paragraph 48 of the First Amended Complaint, Defendant denies the allegations contained in this paragraph.

**COUNT II – Constructive Discharge**

49. In answer to Paragraph 49 of the First Amended Complaint, Defendant admits that Charging Party applied for a position at another Lush store in 2021 but was not selected for the position. Defendant denies the remaining allegations of this Paragraph.

50. In answer to Paragraph 50 of the First Amended Complaint, Defendant denies the allegations contained in this paragraph.

51. In answer to Paragraph 51 of the First Amended Complaint, Defendant admits that Charging Party took a leave of absence on or around November 17, 2021, and did not return to work at Lush.

52. In answer to Paragraph 52 of the First Amended Complaint, Defendant admits that Charging Party resigned her employment with Lush on or about December 23, 2021. To the extent the allegations in this paragraph seeks to paraphrase or characterize the contents of a written document, Defendant states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with that document.

53. In answer to Paragraph 53 of the First Amended Complaint, Defendant does not have sufficient knowledge and information regarding the unidentified "Floor Lead" to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies all the allegations contained therein.

54. In answer to Paragraph 54 of the First Amended Complaint, Defendant denies the allegations contained in this paragraph.

55. In answer to Paragraph 55 of the First Amended Complaint, Defendant denies the allegations contained in this paragraph.

56. In answer to Paragraph 56 of the First Amended Complaint, Defendant denies the allegations contained in this paragraph.

57. In answer to Paragraph 57 of the First Amended Complaint, Defendant denies the allegations contained in this paragraph.

## PRAYER FOR RELIEF

In answer to the Prayer for Relief of the First Amended Complaint, Defendant denies that Plaintiff is entitled to any relief. Defendant denies that it has violated any law set forth under "Prayer for Relief." Defendant further denies, generally and specifically, each and every allegation contained in Plaintiff's "Prayer for Relief."

## JURY TRIAL DEMAND

In answer to the Jury Trial Demand, Defendant admits that Plaintiff requests a jury trial. Defendant denies the remaining allegations of the Jury Trial Demand.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the First Amended Complaint, Defendant hereby sets forth the following separate and distinct affirmative and other defenses to the First Amended Complaint, and each and every cause of action or claim alleged therein, without assuming or undertaking any burden of proof not otherwise assigned to it by law. Further, all such defenses are pled in the alternative and do not constitute an admission of liability or any admission that the Plaintiff is entitled to any relief whatsoever. Defendant may have additional defenses of which it is not currently fully aware and reserves the right to assert additional defenses after they are ascertained.

## FIRST AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendant alleges, based on information and belief, that Plaintiff's claims, or portions thereof, are barred by the applicable charge-filing period and statutes of limitation, including but not limited to those set forth in Section 706 of Title VII, 42 U.S.C. §§ 2000e-5(e)(l), 2000e-5(e)(3)(B), and 2000e-5(g)(1).

### SECOND AFFIRMATIVE DEFENSE

(Faragher-Ellerth Defense)

The Plaintiff's cause of action under Title VII of the Civil Rights Act of 1964 is barred under the *Faragher-Ellerth* defense. Answering further, Defendant states that it acted reasonably to prevent and promptly correct any and all harassment; and that Charging Party and any other aggrieved individual unreasonably failed to use Defendant's complaint procedure or to take other steps to avoid or minimize harm from any alleged harassment.

### THIRD AFFIRMATIVE DEFENSE

(Speculative Damages)

The Plaintiff's claims for damages are barred, in whole or in part, because they are speculative and uncertain.

### FOURTH AFFIRMATIVE DEFENSE

(Legitimate Business Reasons/Same Decision)

Although Defendant denies engaging in the conduct alleged in the First Amended Complaint, if it is determined that the conduct alleged is legally attributable to Defendant, then Defendant alleges, based on information and belief, that its conduct towards the Charging Party and other allegedly aggrieved employees on whose behalf Plaintiff seeks relief (collectively, the "Aggrieved Employees" (including the Charging Party)) was based reasonably and properly on legitimate business reasons and/or non-discriminatory reasons. In addition, if it is found that Defendant's conduct was motivated by discriminatory and non-discriminatory reasons, the non-discriminatory reasons would have induced Defendant to make the same decisions with respect to employment of the Aggrieved Employees.

### FIFTH AFFIRMATIVE DEFENSE

(Privileged Managerial Acts)

The First Amended Complaint, and each and every claim alleged therein, is barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions, if any, affecting the Aggrieved Employees were privileged managerial acts made solely for legitimate, business-

related reasons that were neither arbitrary, capricious, nor unlawful, and were reasonably based upon the facts as Defendant understood them.

**SIXTH AFFIRMATIVE DEFENSE**

(Outside Course and Scope/No Ratification)

Defendant alleges, based on information and belief, that any and all misconduct of any and all individuals of the type alleged in the First Amended Complaint, if and to the extent it occurred at all, was outside the course and scope of such persons' agency and employment with Defendant, and was neither known to, nor ratified by, Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

(Lack of Malice, Fraud, Oppression or Intent)

Defendant lacked sufficient intent for the commission of the matters alleged in the First Amended Complaint and did not act with any malice, fraud, oppression, or ill intent towards any of the Aggrieved Employees.

**EIGHTH AFFIRMATIVE DEFENSE**

(Comparative Fault or Negligence)

Defendant is informed and believes, and thereon alleges, that the losses or damages sustained by its employees, if any, were wholly caused by the acts or omissions of Aggrieved Employees, or the acts or omissions of some third party or parties, and that any judgment rendered against Defendant must be reduced or denied accordingly.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Meet Pre-Suit Obligations)

The Plaintiff's claims are barred, to the extent discovery may show Plaintiff failed to comply with statutory and/or administrative obligations and/or deadlines; failed to comply with all administrative, jurisdictional and/or statutory prerequisites to filing suit; or to the extent they are beyond the scope of its administrative investigation; beyond the scope of or not included in a timely charge of discrimination filed by Charging Party; and/or outside the scope the Plaintiff's letter of determination and/or the conciliation proceedings.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Notice or Correct)

The Plaintiff's claims are barred and/or recovery of damages is precluded because Aggrieved Employees unreasonably failed to take advantage of preventive or corrective opportunities, to give Defendant adequate notice of alleged discriminatory treatment they now claim to have experienced and/or to avoid harm otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Join)

The Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to name and join indispensable parties.

## TWELFTH AFFIRMATIVE DEFENSE

(No Respondeat Superior or Vicarious Liability)

Assuming, arguendo, that any employee of Defendant engaged in any unlawful conduct toward any Aggrieved Employee—which Defendant denies—such misconduct was contrary to Defendant's express policies and beyond the scope of the individual's employment and cannot be attributed to Defendant, and Defendant cannot be held liable for any such misconduct under the concept of respondent superior; nor is the Defendant otherwise vicariously liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Reasonable Care – Policy)

Defendant exercised reasonable care to establish and maintain a reasonable written policy – disseminated to all employees – for the prevention and detection of unlawful discrimination, harassment and retaliation, including an internal complaint procedure for addressing alleged actions of discrimination, harassment and retaliation.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Reasonable Care – Response)

Defendant exercised reasonable care to prevent and promptly correct any allegedly discriminatory, harassing, or retaliatory behavior.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Intervening Causes)

Defendant alleges, based on information and belief, that the Aggrieved Employees' damages, if any, are the proximate result of independent, intervening, or superseding causes unrelated to any conduct on the part of Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

The Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Equitable Defenses)

Defendant alleges, based on information and belief, that Plaintiff's First Amended Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, under the equitable doctrines of waiver, estoppel, unclean hands, laches, and/or consent, as a result of, without limitation, Plaintiff's or Aggrieved Employees' own acts and/or omissions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate/Avoidable Consequences)

Defendant alleges, based on information and belief, that Plaintiff's First Amended Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, under the equitable doctrines of waiver, estoppel, unclean hands, laches, and/or consent, as a result of, without limitation, Plaintiff's or Aggrieved Employees' own acts and/or omissions.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Good Faith Defense)

Defendant alleges, based on information and belief, that at all times relevant to the Plaintiff's First Amended Complaint, Defendant has acted in good faith and has not violated any rights which may be secured to the Aggrieved Employees under any federal, state, or local laws, rule, regulations or guidelines with respect to its decisions regarding the Aggrieved Employees' employment.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Multiple Recovery)

Defendant alleges, based on information and belief, that the claims of the Plaintiff are barred, in whole or in part, to the extent that Plaintiff seeks multiple recoveries for the same alleged wrong or wrongs.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Unjust Penalties)

Defendant alleges, based on information and belief, that to the extent the Plaintiff seeks to recover penalties, any such award would be improper as unjust, arbitrary, oppressive or confiscatory.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Lack of Injury)

Defendant alleges, based on information and belief, that the Plaintiff's purported causes of action are barred, in whole or in part, because Aggrieved Employees did not suffer any actual injury as a result of a knowing and intentional violation of law by Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiff's claims are barred in whole or in part to the extent that Aggrieved Employees failed to mitigate their alleged lost back pay and damages.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Relief for Non-Victims)

Plaintiff's claims are barred, in whole or in part, because Plaintiff seeks relief for non-victims. *See*, *e.g.*, 42 U.S.C. 2000e-5(g)(2)(A).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

Assuming, arguendo, that Plaintiff could demonstrate an adverse employment action, Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence, to the extent Defendant learns of wrongdoing by Plaintiffs that would have led to the same actions.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Plaintiff's claims for damages are barred, in whole or in part by statutory limitations, including, but not limited to, 42 U.S.C. § 1981a.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Bar to Punitive Damages)

Punitive damages are barred on the grounds that Defendant took no action with malice, consciousness or reckless indifference to the Aggrieved Employees' protected rights; did not authorize or ratify any such act; at all times, endeavored in good faith to comply with the provisions of applicable law, and had reasonable grounds to believe its actions were not a violation of applicable law.

**ADDITIONAL DEFENSES**

The First Amended Complaint is vague, ambiguous, indefinite and uncertain; therefore, Defendant reserves the right to amend or supplement their affirmative defenses asserted herein, and to present evidence supportive of different and additional defenses, upon ascertaining the specific nature of the violations alleged.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's First Amended Complaint with prejudice; that the Court enter judgment in Defendant's favor and against Plaintiff on all counts; and that the Court award Defendant its costs and attorneys' fees incurred in defending this action and such other relief as the Court deems appropriate.

Dated: December 18, 2024

Respectfully submitted,

By: */s/* Eric S. Dreiband
ERIC S. DREIBAND (*pro hac vice*)
D.C. Bar No. 497285
edreiband@jonesday.com
REBECCA S. BEALE (*pro hac vice*)
D.C. Bar No. 90019702
JONES DAY
rbeale@jonesday.com
51 Louisiana Ave NW
Washington, DC 20001
Telephone: 1.202.879.3780
Fax: 1.202.626.1700

PAUL V. SIMPSON, BAR NO. 83878<br>
psimpson@sgijlaw.com<br>
KENDALL M. BURTON, BAR NO. 228720<br>
kburton@sgijlaw.com<br>
SIMPSON, GARRITY, INNES & JACUZZI<br>
Professional Corporation<br>
601 Gateway Boulevard, Suite 950<br>
South San Francisco, California 94080<br>
Telephone: (650) 615-4860<br>
Fax: (650) 615-4861

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2024, I electronically filed the forgoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ Eric S. Dreiband