DAVID A. LOWE (SBN 178811)
dal@rezlaw.com
SAMUEL J. LEFF (SBN 347190)
sjl@rezlaw.com
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

*Attorneys for Prospective Intervenor Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, | Case No.  5:24-cv-06859-PCP |
| Plaintiff, | **PROSPECTIVE INTERVENOR PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AS PLAINTIFFS** |
| **EMMA CATE ROBERTSON AND MX. HARRIS** | |
| Prospective Intervenor Plaintiffs, | |
| vs. | Date:    April 10, 2025 |
| **LUSH HANDMADE COSMETICS LLC, f/k/a LUSH COSMETICS LLC**, | Time:   10:00 am<br>Place:  Courtroom 8, 4th Floor, San José<br>Judge: Hon. District Judge P. Casey Pitts |
| Defendant. | |

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 10, 2025 at 10:00 a.m., or as soon thereafter as that matter may be heard in San José Courthouse, Courtroom 8, 4th Floor, 280 South First Street, San José, CA 95113, Prospective Intervenor Plaintiffs will move to intervene in *U.S. Equal Employment Commission v. Lush Handmade Cosmetics LLC, f/k/a Lush Cosmetics LLC* filed in the United States District Court for the Northern District of California, Case No. 5:24-cv-06859-PCP ("*EEOC v. Lush*"), pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") Rule 24 and 42 U.S.C. § 2000e-5(f)(1).

Prospective Intervenor Plaintiffs are entitled to intervene pursuant to Fed. R. Civ. P. Rule 24 and 42 U.S.C § 2000e-5(f)(1). Fed. R. Civ. P. Rule 24 allows a party, upon timely application, to intervene as a matter of right if given an unconditional right to intervene by a federal statute. And Congress has provided that charging parties have the unconditional right to intervene in civil actions filed on their behalf by the EEOC. 42 U.S.C § 2000e-5(f)(1). Prospective Intervenor Plaintiffs are aggrieved persons on behalf of whom the EEOC has filed suit. Permissive intervention is also warranted in this case, as undue delay or prejudice to the parties would not result from intervention.

Prospective Intervenor Plaintiffs' Motion for Intervention as Plaintiffs is based on this Notice of Motion and Motion, the Declaration of David A. Lowe and exhibits attached thereto, and the Complaint in Intervention filed concurrently herewith.

Respectfully submitted,

Date: March 6, 2025                    **RUDY EXELROD ZIEFF & LOWE, LLP**

By: */s/ Samuel J. Leff*_____
    Samuel J. Leff
    David A. Lowe

*Attorneys for Prospective Intervenor*

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

**TABLE OF CONTENTS**

I.    INTRODUCTION..................................................................................................................1

II.   BACKGROUND..................................................................................................................2

III.  LEGAL STANDARD ..........................................................................................................2

IV.   LEGAL ARGUMENT...........................................................................................................3

      A.    Prospective Intervenors Should Be Permitted to Intervene.....................................3

            1.    Federal Law Gives Robertson A Mandatory Right To Intervention. ..................................................................................................3

            2.    Harris Has a Right to Intervene Pursuant to the Single Filing Rule............4

            3.    Prospective Intervenors' Motion to Intervene Is Timely...........................5

                 a.    Prospective Intervenors' Motion is Filed Early in the Proceedings.....................................................................................5

                 b.    Prospective Intervenors' Motion Does Not Prejudice Lush.............5

                 c.    Prospective Intervenors' Have a Compelling Justification for any Delay ..................................................................................6

      B.    Permissive Intervention by Prospective Intervenor Plaintiffs is Also Justified in this Case ..............................................................................................6

V.    CONCLUSION .....................................................................................................................7

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

NOTICE OF MOTION AND MOTION TO INTERVENE

# TABLE OF AUTHORITIES

**Cases  Page(s)**

*Arakaki v. Cayetano*,
324 F3d 1078 (9th Cir. 2003)..............................................................................7

*Arizona ex rel. Horne v. Geo Grp., Inc.*,
816 F.3d 1189 (9th Cir. 2016)......................................................................1, 3

*Doe v. Blue Cross & Blue Shield of Rhode Island*,
794 F. Supp. 72 (D.R.I. 1992)...........................................................................1

*Doe v. City of Detroit*,
2018 WL 3434345 (E.D. Mich., July 17, 2018).................................................1

*Doe v. McConn*,
489 F. Supp. 76 (S.D. Tex. 1980).......................................................................1

*Does I thru XXIII v. Advanced Textile Corp.*,
214 F.3d 1058 (9th Cir. 2000)............................................................................1

*E.E.O.C. v. Giumarra Vineyards Corp.*,
2010 WL 3220387 (E.D. Cal. 2010) ..................................................................4

*EEOC v. GMRI, Inc.*,
221 F.R.D. 562 (D. Kan. 2004)..........................................................................3

*Equal Employment Opportunity Commission v. Georgia-Pacific Corrugated LLC*,
2008 WL 11388687 (N.D. Cal., Apr. 9, 2008) ...........................................5, 6, 7

*General Telephone Co. v. EEOC*, 446 U.S. 318, 327 (1979)...............................................8

*Idaho Farm Bureau Fed'n v. Babbitt*,
58 F.3d 1392 (9th Cir. 1995)..............................................................................3

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liability Litig.*, 894 F.3d
1030, 1037 (9th Cir. 2018)..................................................................................7

*McClure v. Harris*,
503 F. Supp. 409 (N.D. Cal. 1980)....................................................................1

*Northwest Forest Res. Council v. Glickman*, 82 F 3d 825 837 (9th Cir. 1996) .....................5, 6

*Richardson v. HRHH Gaming Senior Mezz, LLC*,
99 F.Supp.3d 1267 (D. Nev. 2015) ....................................................................7

*Santana v. Holiday Inns, Inc.*,
686 F.2d 736 (9th Cir. 1982)..............................................................................7

*Schweiker v. McClure*,
456 U.S. 188 (1982) ..........................................................................................1

*Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990)............7

*Southwest Ctr. for Biological Diversity v. Berg*,
268 F.3d 810 (9th Cir. 2001).........................................................................2, 3

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

NOTICE OF MOTION AND MOTION TO INTERVENE

*Spirt v. Teachers Insurance and Annuity Assoc.*,
  93 F.R.D. 627 (S.D.N.Y.1982) ............................................................................... 3

*U.S. Equal Employment Opportunity Commission v. Fresh Venture Foods, LLC*,
  2022 WL 3137722 (C.D. Cal., May 24, 2022) ....................................................... 4

*United States Equal Employment Opportunity Commission v. JCFB, Inc.*,
  2019 WL 2525203 (N.D. Cal., June 19, 2019) ...................................................... 4

*Unites States v. Alisal Water Corp.*, 370 F. 3d 915, 921 (9th Cir. 2004)........................................ 5

**Federal Statutes**                                                            **Page(s)**

Title I of the Civil Rights Act of 1991
  42 U.S.C. § 1981 ...................................................................................................... 2

Title VII of the Civil Rights Act of 1964
  42 U.S.C. § 2000(e).................................................................................*passim.*

**California Statutes**                                                          **Page(s)**

California's Fair Employment and Housing Act,
  Cal. Gov't Code §§ 12940, *et. seq.* .................................................................... 4

**Rules**                                                                        **Page(s)**

Federal Rules of Civil Procedure Rule 24.............................................................2, 3, 8

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

NOTICE OF MOTION AND MOTION TO INTERVENE
Case No. 5:24-CV-06859-PCP

## I.    **INTRODUCTION**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") brought this case "to correct unlawful employment practices on the basis of sex, including sexual orientation and gender identity, and to provide appropriate relief to Charging Party Emma Robertson and similarly aggrieved employees who were adversely affected by such practices." (First Amended Complaint at p. 1 (Doc. 15).) On February 14, 2025, following the new Trump administration's policy that the EEOC no longer pursue cases alleging sexual orientation or gender identity discrimination, the parties filed a Stipulation to Stay Pending Deadlines and Dismiss with Prejudice. Accordingly, and to protect their rights, two Prospective Intervenors are filing this Motion for Intervention as Plaintiffs in this case, *EEOC v. Lush Handmade Cosmetics LLC, f/k/a Lush Cosmetics LLC*, Case No. 5:24-cv-06859-PCP.

Prospective Intervenor One, Emma Cate Robertson ("Robertson"), is a Charging Party in the pending action. Prospective Intervenor Two, Mx. Harris ("Harris"), is an aggrieved person identified in the First Amended Complaint as "Floor Lead" and as an individual for whom the EEOC specifically sought relief.[1] The First Amended Complaint alleges the same claims of discrimination and harassment on the basis of sex, sexual orientation, or gender identity on behalf of Harris.[2]

---

[1] As outlined further in the Complaint in Intervention, Mx. Harris is pled anonymously in this action in conformity with the Ninth Circuit precedent *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–69 (9th Cir. 2000) to preserve their anonymity at this stage of the judicial proceeding. "Several courts have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure." *Doe v. City of Detroit*, 2018 WL 3434345, at *2, (E.D. Mich., July 17, 2018) (citing *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 72 (D.R.I. 1992); *Doe v. McConn*, 489 F. Supp. 76, 77 (S.D. Tex. 1980); *McClure v. Harris*, 503 F. Supp. 409, 412 (N.D. Cal. 1980), *rev'd sub nom. Schweiker v. McClure*, 456 U.S. 188 (1982)).

[2] As discussed below, a similarly situated worker who experienced the same discrimination and harassment by the same individual(s) named by a Charging Party has a right to intervene pursuant to the Single Filing Rule, also known as the "piggybacking" rule. Under this exception to the administrative exhaustion requirement, an aggrieved employee who fails to file a timely charge with the EEOC may still pursue a claim by intervening onto the timely EEOC charge filed by another plaintiff. *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1201 (9th Cir. 2016).

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

The Prospective Intervenors are entitled to intervene as a matter of right, or alternatively, permissive intervention should be granted.  While the EEOC agreed it would not oppose this motion or the proposed complaint in intervention, Lush indicated through counsel that it was unable to consent to either. Declaration of David Lowe ("Lowe Decl.") ¶¶ 10-11.

## II.    BACKGROUND

On December 4, 2024, the EEOC filed an amended complaint against Lush.  The action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex, including sexual orientation and gender identity.  Doc. 15.  The Complaint alleges that Charging Party Robertson, and a class of similarly aggrieved employees were subjected to a hostile work environment and constructive discharge because of their sex, including their sexual orientation and gender identity.  *Id.*

On March 2, 2022, Robertson filed a discrimination charge against Lush alleging facts contained in the EEOC's Complaint.  Lowe Decl. ¶ 4.  Robertson is a Charging Party in the EEOC's Complaint.  *Id.*  The EEOC's Complaint alleges that Harris (identified as "Floor Lead") is an aggrieved individual who experienced similar discrimination and harassment as Robertson, and the Complaint specifically seeks relief for Harris, as well as Robertson.  *Id., e.g.,* at ¶¶ 5, 34-39, 53-57, and Prayer for Relief ¶¶ C-F.  Prospective Intervenors are a party separate from and in addition to the class of aggrieved individuals represented in the EEOC Complaint.

## III.   LEGAL STANDARD

Parties may intervene in a lawsuit as a matter of right or with the permission of the Court. Fed. R. Civ. P. 24(a)-(b).  Generally, the Ninth Circuit applies a four-part test in evaluating a motion for intervention as matter of right pursuant to Federal Rule of Civil Procedure 24(a), pursuant to which an applicant must demonstrate: (1) the application for intervention is timely; (2) the applicant possesses a "significantly protectable" interest in the subject matter of the action; (3) without intervention the action may impair or impede the applicant's ability to protect that interest; and (4) the interest is inadequately represented by the existing parties.  *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (citation omitted).  The

test is applied liberally in favor of the applicant seeking intervention. *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995).

A court's analysis "is guided primarily by practical considerations, not technical distinctions." *Southwest Ctr.*, 131 F.3d at 818 (quotations and citations omitted). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Id.* at 820.

## IV.    LEGAL ARGUMENT

### A.    Prospective Intervenors Should Be Permitted to Intervene.

Pursuant to Federal Rule of Civil Procedure 24(a) ("Fed. R. Civ. P. 24(a)"), a party, upon timely application, may intervene as a matter of right if given an unconditional right to intervene by a federal statute. Title VII is one of the few statutes that provides individuals a right to intervene. *See* 42 U.S.C. § 2000e-5(f)(1) ("[T]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC] . . . ."). Having filed a discrimination charge with the EEOC, Robertson is an "aggrieved person" as contemplated by Title VII. Although Harris did not file an EEOC charge, they were identified by the EEOC as an aggrieved employee, their alleged claims are near identical to Robertson's and, as described below, they are thus entitled to intervention. *Arizona ex rel. Horne*, 816 F.3d at 1202–04. Since the relevant statute, Title VII, confers an entitlement to intervention as a matter of right, Prospective Intervenors can intervene so long as their application is timely. The question of timeliness is discussed below.

### 1.    Federal Law Gives Robertson A Mandatory Right To Intervention.

Under 42 U.S.C. § 2000e-5(f)(1), an "aggrieved person" includes "a person who has filed a charge with the EEOC." *EEOC v. GMRI, Inc.*, 221 F.R.D. 562, 563 n.4 (D. Kan. 2004); *see also Spirt v. Teachers Insurance and Annuity Assoc.*, 93 F.R.D. 627, 640–41 (S.D.N.Y.1982), *rev'd in part on other grounds,* 691 F.2d 1054 (2d Cir.1982) ("The Court's view that the statutory language strongly indicates that Congress, in drafting the intervention provision contained in 42 U.S.C. §§ 2000e–5(f)(1), must have used the term 'person aggrieved' to refer to a person who filed a charge with the EEOC is fully supported by the legislative history of that section."). In

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

line with Title VII's statutory provision, courts confer to employees an "unconditional right to intervene" in an EEOC enforcement action against an employer provided their intervention is timely. *E.E.O.C. v. Giumarra Vineyards Corp.*, 2010 WL 3220387, at *2 (E.D. Cal. 2010).

Here, Robertson seeks to intervene to assert Title VII claims and state claims for discrimination and harassment under California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12940, *et. seq.* Having filed a discrimination charge with the EEOC, Robertson is an unquestionably an aggrieved person as contemplated by 42 U.S.C. § 2000e-5(f)(1). Thus, the Court should permit Robertson to intervene in *EEOC v. Lush* as it is her unconditional right.

### 2.    Harris Has a Right to Intervene Pursuant to the Single Filing Rule.

Harris also has a right to intervene under the single filing rule, also known as the "piggybacking" rule to assert Title VII claims. Courts routinely authorize intervention under this principle. *See, e.g.*, *U.S. Equal Employment Opportunity Commission v. Fresh Venture Foods, LLC*, 2022 WL 3137722 (C.D. Cal., May 24, 2022), at *2; *United States Equal Employment Opportunity Commission v. JCFB, Inc.*, 2019 WL 2525203, at *5–6 (N.D. Cal., June 19, 2019).

In *Fresh Venture*, after noting a prospective intervenor did not file an EEOC charge, the Court authorized her intervention because she alleged she was constructively discharged after reporting sexual harassment, a "nearly identical" charge to those filed by other employees. 2022 WL 3137722 at *2–3. In *JCFB*, the Court allowed intervention even though the prospective intervenor filed an untimely EEOC charge and worked at a different restaurant than the charging party who filed the timely charge. 2019 WL 2525203, at *5. In doing so, it reasoned the restaurants shared common facilities and staff, and that both women complained that the "same *individual*" sexually harassed them. *Id.* at 6 (emphasis in original).

Here, as in *Fresh Venture*, Harris did not file a charge with the EEOC, but may properly use the single filing rule because, as set forth in detail in the EEOC's Complaint, their sexual harassment claims are nearly identical to Robertson's claims. Further, as in *JCFB*, they occurred at the hands of the same harasser, who is named in Robertson's EEOC discrimination charge. Lowe Decl., ¶ 5. And, Lush constructively discharged both Robinson and Harris from their employment because of the sexual harassment both endured at the hands of that harasser.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

Moreover, the relevant events occurred at the same store during the same year. Thus, Harris's claims are identical to Robertson's in terms of subject matter and temporal proximity. Moreover, there is ample evidence tending to show that Lush was aware of the nature and the scope of the allegations.

Finally, the EEOC itself identified Harris in the Complaint—described as Floor Lead—as an aggrieved employee. Accordingly, Harris is an aggrieved person within the meaning of 42 U.S.C § 2000e-5(f)(1) and, as such, is entitled to intervene as a matter of right.

**3.      Prospective Intervenors' Motion to Intervene Is Timely.**

As previewed, motions to intervene must be timely. In assessing timeliness, courts weigh three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Unites States v. Alisal Water Corp.,* 370 F.3d 915, 921 (9th Cir. 2004) (further citation omitted).

**a.      Prospective Intervenors' Motion is Filed Early in the Proceedings.**

A Court in this district previously found a motion to intervene timely because it was brought approximately five months after the EEOC filed suit, before "substantial discovery," and "prior to the Court substantively or substantially engaging the issues." *Equal Employment Opportunity Commission v. Georgia-Pacific Corrugated LLC*, 2008 WL 11388687, at *6 (N.D. Cal., Apr. 9, 2008). Here, the EEOC filed its original Complaint on September 30, 2024 and its Amended Complaint on December 4, 2024. Docs. 1, 15. Prospective Intervenors move to intervene on March 6, 2025, approximately five months after the EEOC filed the original Complaint. And, as in *Georgia-Pacific*, Prospective Intervenors seek to intervene before substantial discovery, or the Court's substantive engagement with the issues. Thus, the litigation is at its earliest stages, and this factor weighs in favor of Prospective Intervenors' intervention.

**b.      Prospective Intervenors' Motion Does Not Prejudice Lush.**

There is no indication Lush would be prejudiced in granting the motion to intervene because the court has not yet issued any substantive ruling. In *Northwest Forest Res. Council v. Glickman,* 82 F.3d 825, 837 (9th Cir. 1996), the court concluded that the intervention "[did] not appear to have prejudiced either party in the lawsuit, since the motion was filed before the district

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

court ha[d] made any substantive ruling." In line with the court's analysis in *Northwest Forest,* this factor weighs in favor of allowing Prospective Intervenors to intervene.

### c.     Prospective Intervenors' Have a Compelling Justification for any Delay.

As to the third and final factor – reason and length of delay – Prospective Intervenors have not allowed any substantial delay in filing their motion that would weigh against intervention. The court in *Georgia-Pacific Corrugated* held that, though the intervenor offered *no* explanation for her delay, the shortness of the delay weighed in favor of granting it. 2008 WL 11388687, at *9.

Moreover, even if the Court here finds that the five-month delay is substantial, Prospective Intervenors have a deeply compelling justification. They seek to intervene mere weeks after the EEOC took the unprecedented step of moving to dismiss their claims with prejudice because they are inconsistent with a presidential Executive Order 14168. Doc. 25. Until that point, Prospective Intervenors had every reason to believe the EEOC would vigorously pursue their claims. Upon learning otherwise, they quickly sought to safeguard their rights by moving to intervene.

In summary, Prospective Intervenors' Motion to Intervene is timely because it was filed early in the proceedings, does not prejudice Lush, and was not filed after a substantial delay. Further, even if the Court finds delay, it is justified by Prospective Intervenors' reasonable belief that the EEOC would vigorously prosecute their claims, only to be recently surprised and confronted by the agency's abrupt decision to seek dismissal of its Complaint.

### B.     Permissive Intervention by Prospective Intervenor Plaintiffs is Also Justified in this Case.

In exercising its discretion to permit intervention, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. In this instance, Prospective Intervenor Plaintiffs' Proposed Complaint in Intervention contains the identical federal causes of action as those presented by Plaintiff EEOC, which stem from the same operative facts alleged by Prospective Intervenors.  These same operative facts are also the

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

basis for Robertson's and Harris's state causes of action, thus making their state causes of action intrinsically intertwined with the federal causes of action.[3]

Intervention at this time would not unduly delay or prejudice the adjudication of the rights of the original parties, in that Lush has been aware of Prospective Intervenors' charges by complaints filed internally with Lush and by a discrimination charge filed with the EEOC which are the bases for Prospective Intervenors' Proposed Complaint in Intervention. Further, because the litigation is in its earliest stages, allowing intervention will not cause undue delay or prejudice the rights of the original parties.

Moreover, as discussed, Prospective Intervenors' motive for intervention is deeply compelling. They are no longer adequately represented by Plaintiff EEOC, which has moved to dismiss its Complaint with prejudice pursuant to President Trump's Executive Order 14168. Doc. 25. Accordingly, intervention is now the *only* avenue by which Petitioner Intervenors can vindicate their rights.

## V.    CONCLUSION

"Rule 24(a) is construed broadly, in favor of the applicants for intervention." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liability Litig.*, 894 F.3d 1030, 1037 (9th Cir. 2018) (quoting *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990)). *See also Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003)

---

[3] Plaintiff Intervenors' additional Title VII claims and state law claims, relate back to the date of the EEOC's original complaint because they "ar[ise] out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Richardson v. HRHH Gaming Senior Mezz, LLC*, 99 F.Supp.3d 1267, 1275 (D. Nev. 2015) (finding state law defamation claim and negligent hiring, training, and supervision claim related back to Plaintiffs' Title VII claim). Lush further has had notice of Robertson's state law claims at least since March 2022, when the California Department of Fair Employment and Housing issued it a copy of Robertson's Notice of her right to sue. *See Santana v. Holiday Inns, Inc.,* 686 F.2d 736, 739 (9th Cir. 1982) ("[B]ecause [employer] had notice of the factual basis of [employee]'s claim for interference with employment relations, which arises out of the same conduct, transaction or occurrence as his time-barred slander claim, relation back was proper."). In any event, "a motion to intervene is not properly resolved by reference to the ultimate merits of the intervenor's claims." *Georgia-Pacific*, 2008 WL 11388687, at *6.

(providing that Rule 24 traditionally receives liberal construction in favor of applicants for intervention). The United States Supreme Court has made clear that Prospective Intervenors, as aggrieved individuals, have the statutory right to intervene in cases in which the EEOC has filed a complaint against the individuals' employer for violations of Title VII. *General Telephone Co. v. EEOC*, 446 U.S. 318, 326 (1979). Further, permissive intervention is equally warranted in this case.

For all the reasons set forth above, Prospective Intervenors respectfully request that their motion to intervene as plaintiffs in the instant action be granted. In accordance with Fed. R. Civ. P. Rule 24(c), a pleading setting forth the claims for which intervention is sought accompanies this motion.

Dated: March 6, 2025                    RUDY, EXELROD, ZIEFF, & LOWE, ;LLP

                                        By:  */s/ Samuel J. Leff*
                                             SAMUEL J. LEFF
                                             DAVID A. LOWE

                                        *Attorneys for Prospective Intervenor Plaintiffs*

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

NOTICE OF MOTION AND MOTION TO INTERVENE
Case No. 5:24-CV-06859-PCP