UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LUSH HANDMADE COSMETICS, LLC, <br><br> Defendant. | Case No. 24-cv-06859-PCP <br><br> **ORDER GRANTING MOTION TO INTERVENE AND STAYING CASE IN PART** <br><br> Re: Dkt. No. 29 |

The United States Equal Employment Opportunity Commission initiated this case against defendant Lush Handmade Cosmetics, LLC in September 2024. On behalf of Charging Party Emma Robertson and similarly aggrieved employees, the EEOC brought suit under Title VII of the Civil Rights Act of 1964. The First Amended Complaint alleges that Lush subjected Robertson and a class of similarly aggrieved employees to a hostile work environment because of their sex, sexual orientation, and gender identity. An employer who discriminates against an individual based on their gender identity or sexual orientation violates Title VII's prohibition on employment discrimination on the basis of sex. *Bostock v. Clayton Cnty.*, 590 U.S. 644, 651–52 (2020) ("An employer who fires an individual for being homosexual or transgender fires that person for traits or actions it would not have questioned in members of a different sex. Sex plays a necessary and undisguisable role in the decision, exactly what Title VII forbids.").

On January 20, 2025, President Trump signed Executive Order 14168, the stated purpose of which is to "Defend[] Women From Gender Ideology Extremism and Restor[e] Biological Truth to the Federal Government." Shortly thereafter, the United States Office of Personnel Management issued a guidance memo requiring all agencies to "take prompt actions to end all agency programs that use taxpayer money to promote or reflect gender ideology" as defined in

President Trump's executive order. Office of Personnel Management Memorandum, *Initial Guidance Regarding President Trump's Executive Order Defending Women* (Jan. 29, 2025). The EEOC and Lush subsequently stipulated to dismiss the EEOC's complaint with prejudice following a 30-day stay of proceedings during which Robertson would be provided with an opportunity to intervene to continue prosecuting this matter. Robertson and a similarly aggrieved employee, Mx. Harris, then filed a motion to intervene with a proposed complaint-in-intervention. Lush does not oppose the motion.

On April 10, 2025, the Court held a hearing on the motion to intervene and the stipulation to dismiss the EEOC's complaint. Because Lush does not oppose the motion to intervene, the Court granted that motion. Robertson and Harris's complaint was deemed filed as of April 10, 2025, and Lush's response to that complaint must be filed by May 12, 2025.

At the hearing, the EEOC confirmed that its stipulation reflects neither an assessment of the merits of this case nor a dispute about what constitutes harassment in violation of Title VII under existing law. Instead, the EEOC stated that the dismissal reflects a change in this administration's enforcement priorities. Under these circumstances, the Court takes the stipulation under submission until the filing of any Rule 12(a) answer to the complaint-in-intervention. While the stipulation remains under submission, the Court stays all proceedings regarding the EEOC's complaint. Proceedings between the intervenors and Lush shall continue in the normal course.

**IT IS SO ORDERED.**

Dated: April 11, 2025

P. Casey Pitts
United States District Judge