PAUL V. SIMPSON, BAR NO. 83878
psimpson@sgijlaw.com
KENDALL M. BURTON, BAR NO. 228720
kburton@sgijlaw.com
SIMPSON, GARRITY, INNES & JACUZZI
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, California 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Defendant Lush Handmade Cosmetics LLC
(formerly known as Lush Cosmetics LLC)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.:  5:24-cv-06859 |
| Plaintiff, | **AMENDED ANSWER TO COMPLAINT IN INTERVENTION** |
| EMMA CATE ROBERTSON and MX. HARRIS, |  |
| Plaintiff Intervenors, |  |
| v. |  |
| LUSH HANDMADE COSMETICS LLC f/k/a LUSH COSMETICS, LLC |  |
| Defendant. |  |

Defendant Lush Handmade Cosmetics, LLC (formerly known as Lush Cosmetics, LLC) ("Defendant" or "Lush"), by and through its attorneys of record, Simpson, Garrity, Innes & Jacuzzi, P.C., hereby submits its Answer and Affirmative Defenses and Other Defenses to the Complaint in Intervention filed by Plaintiff Intervenor Emma Cate Robertson ("Robertson") and Plaintiff Intervenor Mx. Harris ("Harris") (collectively, "Plaintiffs"). Except as specifically admitted, qualified, or answered below, Defendant denies every allegation in the Complaint in Intervention.

## RESPONSE TO ALLEGATIONS OF THE COMPLAINT

## NATURE OF THE ACTION

Defendant admits that this is an action brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and California Government Code §§ 12940 *et. seq.* ("FEHA") and that Robertson and Mx. Harris are former employees of Defendant. Defendant denies the remaining allegations in the "Nature of the Action" Paragraph of the Complaint in Intervention. Answering further, Defendant states that it complied with Title VII, FEHA, and other applicable law at all times.

## JURISDICTION AND VENUE

1.     In answer to Paragraph 1 of the Complaint in Intervention, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

## INTRADISTRICT ASSIGNMENT

2.     In answer to Paragraph 2 of the Complaint in Intervention, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

## PARTIES

3.     In answer to Paragraph 3 of the Complaint in Intervention, Defendant admits that Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") is an agency of the United States of America and that Title VII established and defines the EEOC's authority with respect to this action. Defendant states that the remaining allegations in Paragraph 3 set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

4.     In answer to Paragraph 4 of the Complaint in Intervention, Defendant admits that it employed Robertson as a non-exempt employee. As to the remaining allegations in Paragraph 4 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a

belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

5.    In answer to Paragraph 5 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

6.    In answer to Paragraph 6 of the Complaint in Intervention, Defendant denies the allegations that it knows the identity of the individual referred to as Harris in the Complaint in Intervention because the individual "complained to Lush about the facts alleged herein." Defendant states that the remaining allegations in Paragraph 6 set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

7.    In answer to Paragraph 7 of the Complaint in Intervention, Defendant admits the allegations in this paragraph.

8.    In answer to Paragraph 8 of the Complaint in Intervention, Defendant admits that it is an employer. Defendant states that the remaining allegations in Paragraph 8 set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

9.    In answer to Paragraph 9 of the Complaint in Intervention, Defendant admits the allegations in this paragraph.

10.    In answer to Paragraph 10 of the Complaint in Intervention, Defendant admits the allegations in this paragraph.

11.    In answer to Paragraph 11 of the Complaint in Intervention, Defendant admits the allegations in this paragraph.

12.    In answer to Paragraph 12 of the Complaint in Intervention, Defendant admits the allegations in this paragraph.

13.    In answer to Paragraph 13 of the Complaint in Intervention, Defendant admits the allegations in this paragraph.

14.     In answer to Paragraph 14 of the Complaint in Intervention, Defendant admits the allegations in this paragraph.

15.     In answer to Paragraph 15 of the Complaint in Intervention, Defendant admits the allegations in this paragraph.

16.     In answer to Paragraph 16 of the Complaint in Intervention, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant admits the allegations in this paragraph.

### ADMINISTRATIVE PROCEDURES

17.     In answer to Paragraph 17 of the Complaint in Intervention, to the extent that the allegations contained in this paragraph seek to paraphrase or characterize the contents of a written document, Defendant states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with that document. Defendant otherwise admits the remaining allegations contained in this paragraph.

18.     In answer to Paragraph 18 of the Complaint in Intervention, Defendant admits that on October 2, 2023, the EEOC issued Defendant a Letter of Determination regarding Charge No. 556-2022-00342. To the extent that allegations contained in this paragraph seek to paraphrase or characterize the contents of a written document, Defendant states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with that document. Defendant otherwise denies the remaining allegations contained in this paragraph.

19.     In answer to Paragraph 19 of the Complaint in Intervention, Defendant admits that the EEOC had multiple communications with Defendant. Defendant otherwise denies the allegations contained in Paragraph 19 of the Complaint in Intervention.

20.     In answer to Paragraph 20 of the Complaint in Intervention, Defendant does not have enough information to form a belief as to whether the allegations are true. Defendant admits that the EEOC and the Defendant did not enter into a conciliation agreement.

21.     In answer to Paragraph 21 of the Complaint in Intervention, Defendant admits that the EEOC issued Defendant a Notice of Failure of Conciliation on or about January 23, 2024.

22. In answer to Paragraph 22 of the Complaint in Intervention, Defendant admits that the EEOC filed its First Amended Complaint with the Court on December 4, 2024.

23. In answer to Paragraph 23 of the Complaint in Intervention, Defendant admits that the EEOC and Defendant filed a Stipulation requesting dismissal with prejudice of the EEOC's First Amended Complaint.

24. In answer to Paragraph 24 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

## **FACTS COMMON TO ALL CLAIMS**

25. In answer to Paragraph 25 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

26. In answer to Paragraph 26 of the Complaint in Intervention, Defendant admits the allegations in this paragraph.

27. In answer to Paragraph 27 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

28. In answer to Paragraph 28 of the Complaint in Intervention, Defendant admits the allegations in this paragraph.

29. In answer to Paragraph 29 of the Complaint in Intervention, Defendant denies the allegations in this paragraph.

30. In answer to Paragraph 30 of the Complaint in Intervention, Defendant denies the allegations in this paragraph.

31. In answer to Paragraph 31 of the Complaint in Intervention, Defendant denies the allegations in this paragraph.

32. In answer to Paragraph 32 of the Complaint in Intervention, Defendant denies the allegations in this paragraph.

33. In answer to Paragraph 33 of the Complaint in Intervention, Defendant denies the allegations in this paragraph.

34.     In answer to Paragraph 34 of the Complaint in Intervention, Defendant denies the allegations in this paragraph.

35.     In answer to Paragraph 35 of the Complaint in Intervention, Defendant admits that Robertson complained about her manager to Defendant on or about July 17, 2021.

36.     In answer to Paragraph 36 of the Complaint in Intervention, Defendant admits that Robertson sent an email to a Market Leader/Regional Manager on or about July 17, 2021, requesting a meeting. To the extent that allegations contained in this paragraph seek to paraphrase or characterize the contents of a written document, Defendant states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with that document.

37.     In answer to Paragraph 37 of the Complaint in Intervention, Defendant admits that Robertson submitted a written document to Defendant in conjunction with her complaint about her manager. To the extent that allegations contained in this paragraph seek to paraphrase or characterize the contents of a written document, Defendant states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with that document.

38.     In answer to Paragraph 38 of the Complaint in Intervention, Defendant denies the allegations. To the extent that Paragraph 38 makes allegations about Robertson's state of mind and thoughts including allegations that Robertson "feared" that the Store Manager would "retaliate against her," Defendant lacks sufficient knowledge and information and therefore denies those allegations.

39.     In answer to Paragraph 39 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

40.     In answer to Paragraph 40 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

41.    In answer to Paragraph 41 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

42.    In answer to Paragraph 42 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

43.    In answer to Paragraph 43 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

44.    In answer to Paragraph 44 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

45.    In answer to Paragraph 45 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

46.    In answer to Paragraph 46 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

47.    In answer to Paragraph 47 of the Complaint in Intervention, Defendant admits that it placed the Store Manager of the Santa Clara store on leave on or about July 21, 2021, pending its investigation of Robertson's complaint. Defendant denies the remaining allegations in this Paragraph.

48.    In answer to Paragraph 48 of the Complaint in Intervention, Defendant does not have sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations contained therein.

49.    In answer to Paragraph 49 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

50.     In answer to Paragraph 50 of the Complaint in Intervention, Defendant admits that it interviewed employees at the Santa Clara store during its investigation of Robertson's complaint regarding the Store Manager of the Santa Clara store. Defendant denies the remaining allegations contained in this paragraph.

51.     In answer to Paragraph 51 of the Complaint in Intervention, Defendant admits that it concluded that the Store Manager had not violated its harassment policies following its investigation of Robertson's complaint. Defendant denies the remaining allegations of Robertson's complaint.

52.     In answer to Paragraph 52 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

53.     In answer to Paragraph 53 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

54.     In answer to Paragraph 54 of the Complaint in Intervention, Defendant admits that Robertson applied for a position at another Lush store in 2021 but was not selected for the position. Defendant denies the remaining allegations of this Paragraph.

55.     In answer to Paragraph 55 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

56.     In answer to Paragraph 56 of the Complaint in Intervention, Defendant admits that Robertson took a leave of absence on or around November 17, 2021, and did not return to work at Lush.   As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations contained therein.

57.     In answer to Paragraph 57 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

58.     In answer to Paragraph 58 of the Complaint in Intervention, Defendant admits that Robertson resigned her employment with Defendant on or about December 23, 2021.   To the extent the allegations in this paragraph seeks to paraphrase or characterize the contents of a written

document, Defendant states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with that document.

59.    In answer to Paragraph 59 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

**STATEMENT OF CLAIMS**

**A.    PLAINTIFF INTERVENORS' FEDERAL CLAIMS**

**FIRST CLAIM FOR RELIEF: UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX (Title VII, 42 U.S.C. §2000e-2(a)(1)**

60.    Defendant re-alleges and incorporates by reference each of its responses to paragraphs 1 through 59 of the Complaint in Intervention.

61.    In answer to Paragraph 61 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

62.    In answer to Paragraph 62 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

63.    In answer to Paragraph 63 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

64.    In answer to Paragraph 64 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

65.    In answer to Paragraph 65 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

66.    In answer to Paragraph 66 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

67.    In answer to Paragraph 67 of the Complaint in Intervention, Defendant states that the allegations in this paragraph set forth matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

**SECOND CLAIM FOR RELIEF: HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT (Title VII, 42 U.S.C. §2000e-2(a)(1)**

68.     Defendant re-alleges and incorporates by reference each of its responses to paragraphs 1 through 67 of the Complaint in Intervention.

69.     In answer to Paragraph 69 of the Complaint in Intervention, Defendant admits that this action has been brought under Title VII of the Civil Rights Act of 1964.   As to the allegations regarding Robertson's and Harris' gender and/or gender identity, Defendant lacks sufficient knowledge and information as to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.   Defendant states that the remaining allegations in Paragraph 69 set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

70.     In answer to Paragraph 70 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

71.     In answer to Paragraph 71 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

72.     In answer to Paragraph 72 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

73.     In answer to Paragraph 73 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

74.     In answer to Paragraph 74 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

75.     In answer to Paragraph 75 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

76.     In answer to Paragraph 76 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

77.     In answer to Paragraph 77 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

78.     In answer to Paragraph 78 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

79.     In answer to Paragraph 79 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

80.     In answer to Paragraph 80 of the Complaint in Intervention, Defendant admits that Robertson made a complaint about the Store Manager to Defendant in July 2021.   Defendant denies the remaining allegations contained in this paragraph.

81.     In answer to Paragraph 81 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

82.     In answer to Paragraph 82 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

83.     In answer to Paragraph 83 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

84.     In answer to Paragraph 84 of the Complaint in Intervention, Defendant admits that as an employer, it has the authority to make changes in the terms and conditions of employment of its employees.   Defendant denies the remaining allegations contained in this paragraph.

85.     In answer to Paragraph 85 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

86.     In answer to Paragraph 86 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

87.     In answer to Paragraph 87 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

88.     In answer to Paragraph 88 of the Complaint in Intervention, Defendant states that the allegations in this paragraph set forth matters to which no response is required.   To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

**THIRD CLAIM FOR RELIEF: RETALIATION (Pursuant to Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-3(a)**

89.    Defendant re-alleges and incorporates by reference each of its responses to paragraphs 1 through 88 of the Complaint in Intervention.

90.    In answer to Paragraph 90 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

91.    In answer to Paragraph 91 of the Complaint in Intervention, Defendant states that the allegations in Paragraph 91 set forth conclusions of law and other matters to which no response is required.   To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

92.    In answer to Paragraph 92 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

93.    In answer to Paragraph 93 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

94.    In answer to Paragraph 94 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

95.    In answer to Paragraph 95 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

96.    In answer to Paragraph 96 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

97.    In answer to Paragraph 97 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

98.    In answer to Paragraph 98 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

99.    In answer to Paragraph 99 of the Complaint in Intervention, Defendant states that the allegations in this paragraph set forth matters to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

**B.    PLAINTIFF INTERVENORS' STATE LAW CLAIMS**

**FIFTH CLAIM (SIC) FOR RELIEF: UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX (California Government Code § 12940(a))**

100.    Defendant re-alleges and incorporates by reference each of its responses to paragraphs 1 through 99 of the Complaint in Intervention.

101.    In answer to Paragraph 101 of the Complaint in Intervention, Defendant states that the allegations in Paragraph 101 set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

102.    In answer to Paragraph 102 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

103.    In answer to Paragraph 103 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

104.    In answer to Paragraph 104 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

105.    In answer to Paragraph 105 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

106.    In answer to Paragraph 106 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

107.    In answer to Paragraph 107 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

108.    In answer to Paragraph 108 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

109.    In answer to Paragraph 109 of the Complaint in Intervention, Defendant states that the allegations in this paragraph set forth matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

## SIXTH CLAIM (SIC) FOR RELIEF: HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT (California Government Code § 12940(j))

110.    Defendant re-alleges and incorporates by reference each of its responses to paragraphs 1 through 109 of the Complaint in Intervention.

111.    In answer to Paragraph 111 of the Complaint in Intervention, Defendant lacks sufficient knowledge and information regarding Robertson's and Harris' gender and/or gender identity as to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein. Defendant states that the remaining allegations in Paragraph 111 set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

112.    In answer to Paragraph 112 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

113.    In answer to Paragraph 113 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

114.    In answer to Paragraph 114 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

115.    In answer to Paragraph 115 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

116.    In answer to Paragraph 116 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

117.    In answer to Paragraph 117 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

118.    In answer to Paragraph 118 of the Complaint in Intervention, Defendant states that the allegations in this paragraph set forth matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

## SEVENTH CLAIM (SIC) FOR RELIEF: UNLAWFUL RETALIATION BASED ON PROTECTED ACTIVITY (California Government Code § 12940(h))

119.    Defendant re-alleges and incorporates by reference each of its responses to paragraphs 1 through 118 of the Complaint in Intervention.

120.    In answer to Paragraph 120 of the Complaint in Intervention, Defendant states that the allegations in Paragraph 120 set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

121.    In answer to Paragraph 121 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

122.    In answer to Paragraph 122 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

123.    In answer to Paragraph 123 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

124.    In answer to Paragraph 124 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

125.    In answer to Paragraph 125 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

126.    In answer to Paragraph 126 of the Complaint in Intervention, Defendant states that the allegations in this paragraph set forth matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

## EIGHTH CLAIM (SIC) FOR RELIEF: FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT (California Government Code § 12940(k))

127.    Defendant re-alleges and incorporates by reference each of its responses to paragraphs 1 through 126 of the Complaint in Intervention.

128.    In answer to Paragraph 128 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

129.    In answer to Paragraph 129 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

130.    In answer to Paragraph 130 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

131.    In answer to Paragraph 131 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

132.    In answer to Paragraph 132 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

133.    In answer to Paragraph 133 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

134.    In answer to Paragraph 134 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

135.    In answer to Paragraph 135 of the Complaint in Intervention, Defendant denies the allegations contained in this paragraph.

136.    In answer to Paragraph 136 of the Complaint in Intervention, Defendant states that the allegations in this paragraph set forth matters to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

## PRAYER FOR RELIEF

In answer to the Prayer for Relief of the Complaint in Intervention, Defendant denies that Plaintiffs and/or the EEOC are entitled to any relief.  Defendant denies that it has violated any law set forth under "Prayer for Relief."  Defendant further denies, generally and specifically, each and every allegation contained in Plaintiffs' "Prayer for Relief."

## JURY TRIAL DEMAND

In answer to the Jury Trial Demand, Defendant admits that Plaintiffs request a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the Complaint in Intervention, Defendant hereby sets forth the following separate and distinct affirmative and other defenses to the

Complaint in Intervention, and each and every cause of action or claim alleged therein, without assuming or undertaking any burden of proof not otherwise assigned to it by law. Further, all such defenses are pled in the alternative and do not constitute an admission of liability or any admission that any Plaintiff and/or the EEOC is entitled to any relief whatsoever. Defendant may have additional defenses of which it is not currently fully aware and reserves the right to assert additional defenses after they are ascertained.

### FIRST AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendant alleges, based on information and belief, that Plaintiffs and/or the EEOC's claims, or portions thereof, are barred by the applicable charge-filing period and statutes of limitation, including but not limited to those set forth in Section 706 of Title VII, 42 U.S.C. §§ 2000e-5(e)(l), 2000e-5(e)(3)(B), 2000e-5(f)(1), and 2000e-5(g)(1); 29 U.S.C. Section 626(e); 42 U.S.C. § 1981a; and California Government Code §§ 12960 and 12965(b).

### SECOND AFFIRMATIVE DEFENSE

(*Faragher-Ellerth* Defense)

Plaintiffs' and/or the EEOC's cause of action under Title VII of the Civil Rights Act of 1964 is barred under the *Faragher-Ellerth* defense. Answering further, Defendant states that it acted reasonably to prevent and promptly correct any and all harassment; and that Robertson and/or Harris unreasonably failed to use Defendant's complaint procedure or to take other steps to avoid or minimize harm from any alleged harassment.

### THIRD AFFIRMATIVE DEFENSE

(Reasonable Steps)

Defendant alleges that it took all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring in the workplace.

**FOURTH AFFIRMATIVE DEFENSE**

(Speculative Damages)

Plaintiffs' and/or the EEOC's claims for damages are barred, in whole or in part, because they are speculative and uncertain.

**FIFTH AFFIRMATIVE DEFENSE**

(Legitimate Business Reasons/Same Decision)

Although Defendant denies engaging in the conduct alleged in the Complaint in Intervention, if it is determined that the conduct alleged is legally attributable to Defendant, then Defendant alleges, based on information and belief, that its conduct towards Robertson and/or Harris was based reasonably and properly on legitimate business reasons and/or non-discriminatory or non-retaliatory reasons. In addition, if it is found that Defendant's conduct was motivated by discriminatory and non-discriminatory reasons, or by retaliatory and non-retaliatory reasons, the non-discriminatory and/or non-retaliatory reasons would have induced Defendant to make the same decisions with respect to the employment of Robertson and/or Harris.

**SIXTH AFFIRMATIVE DEFENSE**

(Privileged Managerial Acts)

The Complaint in Intervention, and each and every claim alleged therein, is barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions, if any, affecting Robertson and/or  Harris were privileged managerial acts made solely for legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful, and were reasonably based upon the facts as Defendant understood them.

**SEVENTH AFFIRMATIVE DEFENSE**

(Outside Course and Scope/No Ratification)

Defendant alleges, based on information and belief, that any and all misconduct of any and all individuals of the type alleged in the Complaint in Intervention, if and to the extent it occurred at all, was outside the course and scope of such persons' agency and employment with Defendant, and was neither known to, nor ratified by, Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Malice, Fraud, Oppression or Intent)

Defendant lacked sufficient intent for the commission of the matters alleged in the Complaint in Intervention and did not act with any malice, fraud, oppression, or ill intent towards Robertson, Harris, and any of the Aggrieved Employees.

## NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault or Negligence)

Defendant is informed and believes, and thereon alleges, that the losses or damages sustained by Robertson and/or Harris, if any, were wholly caused by the acts or omissions of Robertson and/or Harris, or the acts or omissions of some third party or parties, and that any judgment rendered against Defendant must be reduced or denied accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Meet Pre-Suit Obligations)

Plaintiffs' and/or the EEOC's claims are barred, to the extent discovery may show Plaintiffs and/or the EEOC failed to comply with statutory and/or administrative obligations and/or deadlines; failed to comply with all administrative, jurisdictional and/or statutory prerequisites to filing suit; or to the extent they are beyond the scope of its administrative investigation; beyond the scope of or not included in a timely charge of discrimination filed by Robertson; and/or outside the scope of the EEOC's letter of determination and/or the conciliation proceedings.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Take Advantage of Corrective Opportunities)

Plaintiffs' and/or the EEOC's claims are barred and/or recovery of damages is precluded because Defendant alleges that it exercised reasonable care to prevent and correct properly any unlawful behavior, and Robertson and/or Harris unreasonably failed to take advantage of preventive or corrective opportunities, to give Defendant adequate notice of alleged discriminatory or harassing treatment they now claim to have experienced, and/or to avoid harm otherwise.

**TWELFTH AFFIRMATIVE DEFENSE**

(Failure to Join)

Plaintiffs' and/or the EEOC's claims are barred, in whole or in part, to the extent Plaintiffs and/or the EEOC failed to name and join indispensable parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Respondeat Superior or Vicarious Liability)

Assuming, arguendo, that any employee of Defendant engaged in any unlawful conduct toward Robertson and /or Harris—which Defendant denies—such misconduct was contrary to Defendant's express policies and beyond the scope of the individual's employment and cannot be attributed to Defendant, and Defendant cannot be held liable for any such misconduct under the concept of respondent superior; nor is Defendant otherwise vicariously liable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Reasonable Care – Policy and Training)

Defendant exercised reasonable care to establish and maintain a reasonable written policy – disseminated to all employees – and to provide training regarding the prevention and detection of unlawful discrimination, harassment and retaliation, including an internal complaint procedure for addressing alleged actions of discrimination, harassment and retaliation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Reasonable Care – Response)

Defendant exercised reasonable care to prevent and promptly correct any allegedly discriminatory, harassing, or retaliatory behavior.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Intervening Causes)

Defendant alleges, based on information and belief, that Robertson's  and/or Harris' damages, if any, are the proximate result of independent, intervening, or superseding causes unrelated to any conduct on the part of Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' and/or the EEOC's claims are barred to the extent that any award in this action would constitute unjust enrichment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Defendant alleges, based on information and belief, that the Complaint in Intervention, and each purported cause of action alleged therein, is barred, in whole or in part, under the equitable doctrines of waiver, estoppel, unclean hands, laches, and/or consent, as a result of, without limitation, Robertson's and /or Harris' own acts and/or omissions.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith Defense)

Defendant alleges, based on information and belief, that at all times relevant to the Complaint in Intervention, Defendant has acted in good faith and has not violated any rights which may be secured to Robertson and/or Harris under any federal, state, or local laws, rule, regulations or guidelines with respect to its decisions regarding Robertson and/or Harris' employment.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Multiple Recovery)

Defendant alleges, based on information and belief, that the claims of Plaintiffs and/or the EEOC are barred, in whole or in part, to the extent that Plaintiffs and/or the EEOC seek multiple recoveries for the same alleged wrong or wrongs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Penalties)

Defendant alleges, based on information and belief, that to the extent Plaintiffs and/or the EEOC seek to recover penalties, any such award would be improper as unjust, arbitrary, oppressive or confiscatory.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Injury)

Defendant alleges, based on information and belief, that the Plaintiffs' and/or EEOC's purported causes of action are barred, in whole or in part, because Robertson and Harris did not suffer any actual injury as a result of a knowing and intentional violation of law by Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' and/or the EEOC's claims for damages are barred in whole or in part to the extent that Robertson and/or Harris failed to mitigate their damages, if any, by failing to take such actions as are reasonably necessary to minimize any loss which may have been, or in the future may be, sustained.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Relief for Non-Victims)

Plaintiffs' and/or the EEOC's claims are barred, in whole or in part, because Plaintiffs' and/or the EEOC seek relief for non-victims. *See, e.g.*, 42 U.S.C. 2000e-5(g)(2)(A).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Assuming, arguendo, that Plaintiffs and/or the EEOC could demonstrate an adverse employment action, Plaintiffs' and/or the EEOC's claims are barred, in whole or in part, by the doctrine of after-acquired evidence, to the extent Defendant learns of wrongdoing by Robertson or Harris that would have led to the same actions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Bar to Punitive Damages)

Punitive damages are barred on the grounds that Defendant took no action with malice, consciousness, or reckless indifference to Robertson's and/or Harris' protected rights; did not authorize or ratify any such act; at all times, endeavored in good faith to comply with the

provisions of applicable law, and had reasonable grounds to believe its actions were not a violation of applicable law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Workers' Compensation Exclusivity and Preemption)

Defendant alleges that Plaintiffs and/or the EEOC are barred from seeking damages under FEHA for purported medical and/or emotional injuries allegedly suffered as a result of their employment and/or termination and that Plaintiffs' sole and exclusive remedy is and was governed by the California Workers' Compensation Act, and Labor Code Section 3200 *et. seq.*

### ADDITIONAL DEFENSES

The Complaint in Intervention is vague, ambiguous, indefinite and uncertain; therefore, Defendant reserves the right to amend or supplement their affirmative defenses asserted herein, and to present evidence supportive of different and additional defenses, upon ascertaining the specific nature of the violations alleged.

WHEREFORE, Defendant requests that this Court dismiss the Complaint in Intervention with prejudice; that the Court enter judgment in Defendant's favor and against Plaintiffs and/or the EEOC on all counts; and that the Court award Defendant its costs and attorneys' fees incurred in defending this action and such other relief as the Court deems appropriate.

Date:  August 4, 2025

Respectfully Submitted,

SIMPSON, GARRITY, INNES & JACUZZI
Professional Corporation

By: *Paul V. Simpson*

PAUL V. SIMPSON
KENDALL M. BURTON
Attorneys for Defendant
LUSH HANDMADE COSMETICS, LLC

- 23 -
AMENDED ANSWER TO COMPLAINT IN INTERVENTION