1

2

3

4                      UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7   US EQUAL EMPLOYMENT                    Case No.  24-cv-06859-PCP
    OPPORTUNITY COMMISSION, EMMA
8   CATE ROBERTSON and MX. HARRIS,

9                  Plaintiff,             **ORDER DISMISSING EEOC'S
                                          CLAIMS WITHOUT PREJUDICE**
10          v.
                                          Re: Dkt. No. 25
11  LUSH HANDMADE COSMETICS, LLC,

12                 Defendant.

13

14          In September 2024, the United States Equal Employment Opportunity Commission sued

15  defendant Lush Handmade Cosmetics, LLC on behalf of charging party Emma Robertson and

16  similarly aggrieved employees under Title VII of the Civil Rights Act of 1964. The First Amended

17  Complaint alleged that Lush subjected Robertson and others to a hostile work environment due to

18  their sex, sexual orientation, and gender identity. Upon taking office, President Trump signed

19  Executive Order 14168, which set the "policy of the United States to recognize two sexes, male

20  and female." Shortly thereafter, the EEOC and Lush stipulated to dismiss the EEOC's complaint

21  with prejudice. Robertson and another employee Mx. Harris filed a motion to intervene with a

22  proposed complaint-in-intervention.

23          On April 10, 2025 the Court held a hearing on both the EEOC and Lush's stipulation and

24  the motion to intervene. At that hearing, the EEOC stated that its withdrawal from the case does

25  not reflect an assessment of the case's merits or what constitutes harassment in violation of Title

26  VII. Rather, its changed posture reflects only a change in enforcement priorities. The Court

27  subsequently granted Robertson and Harris's motion to intervene and then stayed all proceedings

28  regarding the EEOC's complaint. The complaint-in-intervention is now the operative complaint.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Lush filed an answer to the complaint-in-intervention on May 12, 2025.

2      At the Court's case management hearing on July 30, 2025, the Court again discussed the

3  EEOC's request to withdraw from the case with counsel for plaintiffs and Lush. Plaintiffs

4  expressed their desire that dismissal of the EEOC be without prejudice. Specifically, plaintiffs

5  acknowledged that just as Executive Order 14168 reflected a shift in enforcement priorities,

6  priorities may again shift before this case is resolved. Plaintiffs noted that the EEOC has particular

7  expertise in crafting injunctive relief that could be relevant should its priorities change in the

8  future. Lush stated that it would defer to the Court's position.

9      The Court agrees with plaintiffs that dismissal of the EEOC's claims should be without

10  prejudice. Dismissal with prejudice is generally reserved for decisions on the merits. But as the

11  EEOC stated during the Court's April 10 hearing, its withdrawal from the case does not reflect an

12  assessment of the underlying merits of Robertson or Harris's claims. Nor does that withdrawal

13  reflect a view regarding the requirements of Title VII or the validity of the Supreme Court's

14  holding in *Bostock v. Clayton Cnty.*, 590 U.S. 644, 651–52 (2020), that Title VII's prohibition of

15  employment discrimination based on sex extends to discrimination based on sexual orientation or

16  gender identity. The Court therefore grants the parties' request to dismiss the EEOC's complaint

17  but dismisses the EEOC's claims and complaint without prejudice.

18

19      **IT IS SO ORDERED.**

20  Dated: August 4, 2025

21

22

23  P. Casey Pitts
   United States District Judge

24

25

26

27

28

2